**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **KEISHA HUDSON**<br><br>**Plaintiff**<br><br>**V.**<br><br>**PRINCE GEORGE'S COUNTY, MARYLAND,** *et al.*<br><br>**Defendant** | **CASE NO. 8:26-cv-01457-DLB** |

## PRINCE GEORGE'S COUNTY, MARYLAND'S
## ANSWER TO THE COMPLAINT

COMES NOW the Defendant Prince George's County, Maryland, by and through undersigned counsel and the Prince George's County Office of Law, and in Answer to the Complaint filed herein respectfully states as follows:

### I. GENERAL DENIAL

1. The County Defendant generally denies liability pursuant to Federal Rule 8(b)(3).

2. The County Defendant denies liability, causation, and damages and further denies all allegations in the Complaint not specifically admitted.

### II. BACKGROUND

3. The County Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraphs 1 through 4 of the Plaintiff's Complaint.

### III. JURISDICTION AND VENUE

4. To the extent that paragraphs 5 and 6 are statements regarding jurisdiction and venue no response is required.

1

<h3 style="text-align:center">IV.  <u>THE PARTIES</u></h3>

5. The County Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraphs 7 through 10.

<h3 style="text-align:center">V.  <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u></h3>

6. County Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraphs 11 through 13.

<h3 style="text-align:center">VI.  <u>BACKGROUND</u></h3>

7. County Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraphs 14 through 63.

<h3 style="text-align:center">VII.  <u>COUNT I</u><br><u>RETALIATION IN VIOLATION OF TITLE VII</u></h3>

8. County Defendant incorporates by reference its response to paragraphs 1 through 63 above.

9. County Defendant denies the allegations as set forth in paragraph 65 through 70.

<h3 style="text-align:center">VIII.  <u>COUNT II</u><br><u>DISCRIMINATION IN VIOLATION OF TITLE VII</u></h3>

10. County Defendant incorporates by reference its response to paragraphs 1 through 70 above.

11. County Defendant denies the allegations set forth in paragraphs 71 through 77.

<h3 style="text-align:center">IX.  <u>COUNT III</u><br><u>DISCRIMINATION IN VIOLATION OF TITLE VII</u></h3>

12. County Defendant incorporates by reference its response to paragraphs 1 through 77 above.

13. County Defendant denies the allegations set forth in paragraphs 78 through 85.

<h3 style="text-align:center">X.  <u>COUNT IV</u></h3>

**RETALIATION IN VIOLATION OF THE MARYLAND FAIR EMPLOYMENT PRACTICES ACT**

14. County Defendant incorporates by reference its response to paragraphs 1 through 85 above.

15. County Defendant denies the allegations set forth in paragraphs 86 through 89.

**XI.     COUNT V**
**DISCRIMINATION IN VIOLATION OF THE MARYLAND FAIR EMPLOYMENT PRACTICES ACT**

16. County Defendant incorporates by reference its response to paragraphs 1 through 89 above.

17. County Defendant denies the allegations set forth in paragraphs 90 through 93.

**XII.     COUNT VI**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MARYLAND FAIR EMPLOYMENT PRACTICES ACT**

18. County Defendant incorporates by reference its response to paragraphs 1 through 93 above.

19. County Defendant denies the allegations set forth in paragraphs 94 through 97.

**XIII.   COUNT VII**
**RETALIATION IN VIOLATION OF THE PRINCE GEORGE'S COUNT CODE § 2-209**

20. County Defendant incorporates by reference its response to paragraphs 1 through 97 above.

21. County Defendant denies the allegations set forth in paragraphs 98 through 102.

**XIV.   COUNT VIII**
**DISCRIMINATION IN VIOLATION OF THE PRINCE GEORGE'S COUNT CODE § 2-209**

22. County Defendant incorporates by reference its response to paragraphs 1 through 102 above.

23. County Defendant denies the allegations set forth in paragraphs 103 through 107.

### XV.    COUNT IX
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE
### PRINCE GEORGE'S COUNT CODE § 2-222

24. County Defendant incorporates by reference its response to paragraphs 1 through 107 above.

25. County Defendant denies the allegations set forth in paragraphs 109 through 111.

### XVI.    COUNT XII
### VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE
### FOURTEENTH AMENDMENT

26. County Defendant incorporates by reference its response to paragraphs 1 through 111 above.

27. County Defendant denies the allegations set forth in paragraphs 132 through 140.

### XII. AFFIRMATIVE DEFENSES
### APPLICABLE TO ALL ALLEGATIONS AGAINST THE COUNTY DEFENDANT

28. The Plaintiff's claims are barred by the applicable statute of limitations.

29. The Plaintiff's claims are barred by the provisions of section 5-304 of the Courts and Judicial Proceedings article of the Annotated Code of Maryland.

30. The relief sought is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, contributory negligence, and assumption of the risk.

31. The Defendant is immune and/or qualified immune from liability to the Plaintiff.

32. The Defendant's actions were privileged.

33. The Complaint fails to join a party in whose absence complete relief cannot be accorded among those already partied.

34. Plaintiff's damages, if any, as alleged to have been suffered or incurred were the result of the actions or omissions of persons or entities for which this Defendant cannot be held legally responsible.

35. This Defendant denies any and allegations of negligence or wrongdoing as stated in the Complaint filed herein and demand strict proof of all allegations.

36. Plaintiff's damages are subject to statutory limitations and immunities.

37. Defendant reserves the right to assert additional defenses that may become known as a result of further investigation of the facts of this case.

38. Plaintiff's complaint fails to state a claim upon which relief can be granted.

39. Plaintiff failed to exhaust her administrative remedies and has not received a determination and a right to sue letter from the U.S. EEOC, State of Maryland Office of Civil Rights or the Prince George's County Office of Human Rights.

Respectfully Submitted,

**ANTHONY JONES
COUNTY ATTORNEY**

_____/s/ Stephen J. Williams_____
Stephen J. Williams, Bar No. 12612
Principal Deputy County Attorney

_____/s/ D. Michael Lyles_____
D. Michael Lyles, Bar No. 13120
Associate County Attorney

_____/s/ T'Aria S. Reynolds_____
T'Aria S. Reynolds, Bar No. 31398
Associate County Attorney

Prince George's County Office of Law
Wayne K. Curry Administration Building
1301 McCormick Drive, Suite 4100

Largo, Maryland 20774
Phone: (301) 952-5225
Fax: (301) 952–3071
DMLyles@co.pg.md.us
*Attorneys for Defendant*
*Prince George's County, Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May 2026, a copy of the foregoing

Answer to the Initial Complaint was served on all parties and attorneys as listed below via

electronic service via PACER and/or first class mail, postage pre-paid.

Jordan D. Howlette, Esquire
Justly Prudent
16701 Melford Blvd., Suite 400
Bowie MD 20715
*Counsel for Plaintiff*

_____/s/_____
D. Michael Lyles